IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DANNY PROPHET,

    Plaintiff,       CV F 07 1785 AWI WMW PC

    vs.       ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT

    (THIRTY DAY DEADLINE)

WARDEN CLARK, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the March 3, 2008, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility at Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at SATF.

    Plaintiff's statement of claim, in its entirety, follows.

> The plaintiff have a chronic medical condition with permanent impairment that his known to medical staff throughout these facility. There is supporting documents attached as Exhibit A and B. As the many attempts to receive medical attention the plaintiff have been deprived. As the plaintiff have been conveniently

1

>moved throughout CSATF many facility whereas medication for plain by way of unavailable staff.  The plaintiff also sought eye glasses, wheel chair and cane and the foot doctor.  Whereas the many requests have been gone unattended concerning medical attention.  As the Exhibit B would clearly display.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must

1  determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id.
2  at 1132.
3      Here, Plaintiff names as defendants the following: Warden Ken Clark; Chief of Medical
4  Operations; Dental Chief of Operations; All Doctors; Rns. all supervisors.  Plaintiff is advised
5  that, in order to state a claim against an individual defendant, Plaintiff must identify that
6  defendant and allege facts indicating that defendant knew of and disregarded a serious risk to
7  Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not list names and then allege that
8  he was denied adequate medical care.
9      Further, Plaintiff must allege facts in the complaint that state a claim for relief.  Plaintiff
10 not level a claim of deliberate indifference and refer the Court to his exhibits.  The complaint
11 must be complete in and of itself, without reference to any other documents.
12     Plaintiff also names supervisory defendants.  Liability may be imposed on supervisory
13 defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of
14 constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.
15 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir.
16 1989).  Plaintiff does not allege that facts indicating that the supervisory defendants participated
17 in, or knew of and failed to prevent, the alleged wrongs.
18     The court finds the allegations in plaintiff's first amended complaint to be vague and
19 conclusory.  The court has determined that the complaint does not contain a short and plain
20 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
21 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
22 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
23 must allege with at least some degree of particularity overt acts which defendants engaged in that
24 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
25 R. Civ. P. 8(a)(2), the first amended complaint must be dismissed.  The court will, however,
26

grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's first amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    April 11, 2008**               /s/  **William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE