IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANNY PROPHET,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN CLARK, et al.,<br><br>  Defendants. | NO. 1:07-cv-01785 -AWI-GSA-PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>THIRD AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.   Procedural History**

This action proceeds on the May 5, 2008, second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitations (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against defendant correctional officials employed by the CDCR at SATF. The second amended complaint is filed in response to an earlier order dismissing the first amended complaint for failure to allege facts sufficient to state a claim for relief.

In the order dismissing the first amended complaint, the Court noted Plaintiff's statement of claim, in its entirety.

> The plaintiff have a chronic medical condition with permanent impairment that is known to medical staff throughout these facility. There is supporting documents attached as Exhibit A and B. As the many attempts to receive medical attention the plaintiff have been deprived. As the plaintiff have been conveniently moved throughout CSATF many facility whereas medication for pain by way of unavailable staff. The plaintiff also seek eye glasses, wheel chair and cane and the foot doctor. Whereas the many requests have gone unattended concerning medical attention. As the Exhibit B would clearly display.

(Am. Compl. ¶ IV.)

Plaintiff was advised that in order to state a claim for relief under § 1983, he must allege fact indicating that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution of laws of the United States. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

The Court advised Plaintiff that, though he named certain individual defendants, he failed to allege facts indicating that each defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff was specifically cautioned that he may not list names and then allege that he was denied adequate medical care.

## II. Second Amended Complaint

In his pleading styled as a second amended complaint, Plaintiff indicates that "The plaintiff will attach exhibits A through C in this complaint as support to the allegations." It appears that Plaintiff is attempting to supplement the original complaint or first amended complaint with additional factual allegations. Plaintiff was granted leave to file an amended complaint. Plaintiff has not been granted leave to file a supplemental complaint. As noted, once an amended complaint is filed, the Court will no longer look to any prior pleading. Plaintiff must set forth all of his legal claims and factual allegations in support of those claims in his amended complaint.

Plaintiff has attached a number of exhibits to his complaint. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the

federal system of notice pleading. Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, he is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

In the second amended complaint, Plaintiff fails to specifically name individual defendants, but does refer to the following officials in the body of the pleading: Warden Ken Clark; Acting Facility Captain W. S. Wadkins; Correctional Counselor (CCI) F.C. Coreno; Correctional Counselor J. Zamora; CCI R. A. Moreno; Captain S. Frauenheim; CCI A. C. King; CCI V. Wiggins; CCII S. Alvia; Jack St. Clair, M.D.;M. Horentsen, D. O.; Dr. Howard, M.D; K. Diaz, M.D.; Jack Clair, M.D.; E. Zong, D. O.

**III.    Analysis**

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

3

must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

"'[B]are assertions ... amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss, [and thus also for screening] are not entitled to an assumption of truth." Moss v. U.S. Secret Service ___ F.3d ___, 2009 WL 2052985, *5, (9th Cir. 2009) quoting Ashcroft v. Iqbal, ___ U.S. ___, 126 S.Ct. 1937, 1951 (2009) quoting Twombly, 550 U.S. at 555). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion-even if that conclusion is cast in the form of a factual allegation." Id.

///

A.     **Defendant Coreno**

Plaintiff alleges that Defendant Coreno, a Correctional Counselor, saw him on April 24th, 2007. Plaintiff alleges that Defendant Coreno, because of his intake interview with Plaintiff, "had knowledge or should have had the knowledge of all conditions of plaintiff health as part of procedure. As shortly thereafter the plaintiff was refer to the facility clinic where CCI Coreno had requested that the plaintiff be removed from all ADA activities. This clearly show that the action of the assigned counselor was in fact fully aware of the condition of the plaintiff." (Am. Compl. 2:25-3:3.) Plaintiff alleges no other conduct as to Defendant Coreno.

Plaintiff may not hold Defendant Coreno liable solely on the ground that he should have known of the constitutional violation at issue. The second, or subjective component of the test for deliberate indifference that the prison official have a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, Plaintiff refers to the "conditions of plaintiff's health" that Defendant Coreno should have been aware of, but does not identify that condition. Further, Plaintiff may not assert the conclusory allegation that Defendant Coreno knew or should have known of the condition. Plaintiff must allege facts indicating that he suffered from a serious medical condition. Plaintiff must also allege facts to support his conclusion that Defendant Coreno knew of the serious condition and acted with deliberate indifference to it. A bare allegation that Defendant Coreno was in a position to know of Plaintiff's condition, with nothing more, does not state a claim for relief under the Eighth Amendment. Defendant Coreno should therefore be dismissed.

///

///

5

**B.      Defendant Zamora**

Plaintiff alleges that on April 27, 2007, Defendant Correctional Counselor Zamora "had the same knowledge as those on the committee and did in fact clarify the action of his pears, [sic]; which later had the plaintiff to suffer as he was placed on a job unsuitable to plaintiff condition. As the plaintiff did in fact address the committee with his disapproval of their actions, which should be in the supporting exhibits." (Am. Compl. 3:7-11.)

As with Defendant Coreno, Plaintiff fails to identify the serious medical condition at issue, or allege any facts indicating that Defendant Zamora was deliberately indifferent to a serious medical need of Plaintiff's. Though Plaintiff refers to his exhibits, he must allege, in the amended complaint, facts that support his conclusory allegation that Defendant Zamora was deliberately indifferent to a serious medical need, as that term is defined above. The Court will not review Plaintiff's exhibits in order to make his amended complaint complete, or to supply missing facts. Plaintiff must set forth all of his factual allegations in the amended complaint, without reference to exhibits or prior pleadings. Plaintiff has not alleged facts suggesting that Defendant Zamora was deliberately indifferent to Plaintiff's serious medical needs. Defendant Zamora should therefore be dismissed.

**C.      Defendant Moreno**

Plaintiff alleges that Defendant Counselor Moreno was informed by Plaintiff of the following:

> previous action that had been taken concerning plaintiff medical condition as he addressed that situation with appeal the medical people, which was done prior to being taken to the committee once again where the plaintiff was endorsed for transfer as a reaction of plaintiff complaints of his medical condition. As CCI Moreno had knowledge of the condition and did nothing to help plaintiff as a assign counselor. Therefore the action of Moreno clearly show he had knowledge and did nothing to help plaintiff.

(Am. Compl. 3:16-23.)

As with Defendants Zamora and Coreno, Plaintiff fails to identify the serious medical condition at issue, or allege any facts indicating that Moreno was deliberately indifferent to the

6

serious medical need of Plaintiff's. As noted above, in order to state a claim against Defendant Moreno, Plaintiff must allege facts indicating that: (1) Defendant Moreno was both aware of the facts from which the inference could be drawn that a substantial risk of harm existed and (2) that Defendant Moreno drew the inference. Here, Plaintiff simply alleges that he informed Moreno of the "previous action that had been taken concerning plaintiff medical condition." Id. The Court finds this allegation to be vague. Plaintiff must specifically identify the serious medical condition at issue, and allege facts indicating that Defendant Moreno knew of and disregarded that condition. Plaintiff has failed to do so here. Defendant Moreno should therefore be dismissed.

      **D.**     **Defendant Frauenheim**

Plaintiff charges no conduct to Defendant Captain Frauenheim other than his participation in an annual classification committee hearing. As with Defendant Zamora, Plaintiff refers to documents outside the pleadings. Specifically, Plaintiff alleges that "Captain Frauenheim acting on the committee as chair person whereas all documents concerning the condition of plaintiff was in face [sic] brought to the attention of the chair person as the plaintiff did not address the fact that there had been some lack of medical attention concerning the Plaintiff being housed on that facility." (Am. Compl. 3:25-4:2.) In order to hold Defendant Frauenheim liable, Plaintiff must allege facts indicating that he knew of a serious medical condition of Plaintiff's and acted with deliberate indifference. A bare allegation that Defendant Frauenheim should have known of an unspecified condition based on documents outside the record is insufficient to state a claim for relief. Defendant Frauenheim should therefore be dismissed.

      **E.**     **Defendant King**

Plaintiff alleges that Defendant Correctional Counselor King was a part of the classification committee. Plaintiff alleges that King stated that "one should take better care of one self before coming to prison." (Am. Compl. 4:9.) Plaintiff contends that the statement

"displayed that CCII acting King had knowledge of plaintiff medical condition and like others named here did nothing. As the action of this person would also be in the attached exhibits." (Am. Compl. 4:10-12.) Plaintiff has failed to allege facts indicating that Defendant King knew of and disregarded a serious medical condition of Plaintiff's. The Court finds Plaintiff's allegations regarding Defendant King to be conclusory. Plaintiff may not simply allege that, based on Defendant King's statement indicating that he was aware that Plaintiff came to prison with a medical condition, he was deliberately indifferent. As noted, Plaintiff must specifically allege facts indicating a serious medical condition and facts indicating that Defendant King was deliberately indifferent to that condition. Plaintiff's vague references to his medical condition do not state a claim for relief. Plaintiff has not alleged facts indicating that Defendant King knew of and disregarded a serious medical condition of Plaintiff's. Defendant King should therefore be dismissed.

### F. **Defendant Wiggins**

Plaintiff alleges that three days before his committee hearing, be brought his "medical concern" to the attention of Defendant Counselor Wiggins. (Am. Compl. 4:27.) Plaintiff alleges that Defendant Wiggins "not only knew the circumstances, and did nothing to address them as there was documents forward to the counselor showing that the plaintiff did in fact have some condition concern his medical; as this was once again forward to the committee as would show also in the exhibits in support these allegations." (Am. Compl. 4:27-5:5.) Plaintiff again fails to specify the serious medical condition at issue or how Defendant Wiggins, a correctional counselor, was deliberately indifferent to the condition. Plaintiff may not refer to documents outside the pleadings in order to make his factual allegations complete. The Court finds Plaintiff's allegation regarding Defendant Wiggins to be vague and conclusory. Defendant Wiggins should therefore be dismissed.

///
///

### G. **Defendant Alvia**

Plaintiff alleges that:

> [A]s to the Acting CCII S. Alvia also had knowledge fully of all these concern with the plaintiff and chose to do nothing to help plaintiff. The counseling staff do have direct say of what a program should or shouldn't be even concerning medical issues of the inmates. As the documents attached in the exhibits. As the action of this staff member was aware of the plaintiff disagreement of their action. As this person known the action of the committee and chose to do nothing to help plaintiff with medical issues.

(Am. Compl. 5:6-13.) Plaintiff charges no conduct to Defendant Alvia that constitutes deliberate indifference as that term is defined above. The only reference to Defendant Alvia is the conclusory allegation that Defendant Alvia had "full knowledge" of the unspecified concerns. As with the other defendants, Plaintiff must allege facts indicating that Defendant Alvia knew of a serious medical condition of Plaintiff's, and acted with deliberate indifference to that condition. Plaintiff may not refer to documents outside the pleadings in order to make his factual allegations complete. The Court finds Plaintiff's allegation regarding Alvia to be vague and conclusory. Defendant Alvia should therefore be dismissed.

### H. **Medical Defendants**

Plaintiff names as defendants the following medical officials: Jack St. Clair, M.D.;Dr. Howard, M.D; K. Diaz, M.D.; Jack Clair, M.D.; E. Zong, D. O.; M. Horentsen, D. O. As with the other defendants, Plaintiff sets forth vague allegations regarding an unspecified medical condition. Plaintiff also asserts conclusory allegations. Plaintiff alleges that Defendant Horentsen " have the authority to approval or denied what is called CDC 128C health service chrono." (Am. Compl. 6:13.) As to Defendant Howard, Plaintiff alleges that "her professional decision was enough to have the plaintiff moved from one facility with mobility impairment." (Am. Compl. 6:16.) Plaintiff further alleges that "[A]s to the M.D. Dr. K. Diaz and E. Zong D.O./Jack St. Clair M.D. Chief Medical Officer were all aware of the disability of the plaintiff and some how decided to allow these activity to continue as they are to this day from the B facility where the plaintiff was housed." (Am. Compl. 6:19-20.)

9

1  Plaintiff fails to allege any facts that support an allegation that any of these defendants
2  knew of a specific harm to Plaintiff and acted with deliberate indifference to that harm. Plaintiff
3  does not specify what serious condition he suffers from, and fails to allege any facts specifying
4  what each defendant did or did not do that caused harm to Plaintiff. Plaintiff may not hold a
5  defendant liable by alleging generally that they failed to act. Plaintiff must allege facts
6  indicating conduct on behalf of each named defendant that constitutes deliberate indifference as
7  that term is defined above. Plaintiff has failed to do so. These defendants should therefore be
8  dismissed.

### I.  Supervisory Defendants

Plaintiff names as defendants Warden Clark and Acting Facility Captain Wadkins. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff alleges no facts indicating that either of the supervisory defendants personally participated in the deprivation at issue, or knew of and failed to prevent the deprivation at issue. As noted above, Plaintiff has not specified what serious medical condition he suffered from, or what particular conduct any of the defendants engaged in that constituted deliberate indifference. The supervisory defendants can not be liable for knowing of and failing to prevent a harm that Plaintiff has not identified. As with the other defendants, Plaintiff may not set forth a conclusory allegation that defendants knew of the harm and failed to prevent it. Plaintiff must allege facts to

10

support that conclusion.  He has failed to do so here.  Defendants Clark and Wadkins must therefore be dismissed.

## IV.  Conclusion

The Court has screened plaintiff's second amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983.   The Court finds the second amended complaint to be vague and conclusory.  Plaintiff is again advised to allege specific facts as to each of the named defendants.  Bare assertions of legal conclusions without factual allegations to support them are insufficient to state a claim for relief. Iqbal, 129 S.Ct. at 1951.  The Court will provide plaintiff with a final opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Further, Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

The Court will grant Plaintiff an opportunity to file a third amended complaint that sets forth Plaintiff's claims regarding inadequate medical care and his factual allegations in support of his claim.   Should Plaintiff fail to file a third amended complaint, the Court will recommend that this action be dismissed for failure to state a claim upon which relief could be granted.

Further, Plaintiff may not submit, nor make any reference to, exhibits in order to make his third amended complaint complete.  The Court will not permit Plaintiff to rely exhibits for the presentation of the critical facts to his case.  Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims.  Plaintiff may not attach exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf.  The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff--the Court will not do the work for him. Although the Court will liberally construe Plaintiff's third amended complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the

line between liberal construction and advocating on Plaintiff's behalf.  To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts.

Again, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an third amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:     August 27, 2010**             /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE