1
2
3
4
5
6
7            **IN THE UNITED STATES DISTRICT COURT FOR THE**
8                **EASTERN DISTRICT OF CALIFORNIA**
9
10   JOSEPH DANNY PROPHET,                    NO. 1:07-cv-01785 -AWI-GSA-PC
                                           )
11                      Plaintiff,          )  FINDINGS AND
                                           )  RECOMMENDATION THAT THIS
12           v.                             )  ACTION BE DISMISSED FOR
                                           )  FAILURE TO STATE A CLAIM
13   WARDEN CLARK, et al.,                  )  UPON WHICH RELIEF COULD BE
                                           )  GRANTED
14                      Defendants.         )
                                           )  OBJECTIONS  DUE IN THIRTY
15   _____)  DAYS
16
17
            Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was
18
     referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
19
     302.
20
**I.      Procedural History**
21
            This action proceeds on the September 28, 2010, third amended complaint.  Plaintiff, an
22
     inmate in the custody of the California Department of Corrections and Rehabilitations (CDCR) at
23
     the Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action
24
     against defendant correctional officials employed by the CDCR at SATF.  The third amended
25
     complaint is filed in response to earlier orders dismissing the first and second amended
26
     complaints for failure to allege facts sufficient to state a claim for relief.
27
     ///
28

## II.   **Third Amended Complaint**

Plaintiff names the following individual defendants: Ken Clark, Warden at the California Substance Abuse Treatment Facility at Corcoran (SATF); W. S. Wadkins, Facility Captain on B yard at SATF; Facility Captain S. Frauenheim; Acting Facility Captain W. Costell; Correctional Counselor F. C. Coreno; Correctional Counselor J. Zamora; Correctional Counselor A.C. King; Correctional Counselor V. Wiggins; Correctional Counselor S. Alvia; Correctional Counselor J. S. Spoere; Correctional Counselor R. A. Moreno; Correctional Officer Rasey; Dr. M. Horentsen, D.O.; Doe defendants.

Plaintiff's allegations stem from a prison disturbance that occurred on March 6, 2004, and his classification as a mobility impaired inmate. Custody staff ordered all inmates to get down on their knees and lay on their stomachs. As Plaintiff was getting down, he felt severe pain in his knees. Plaintiff remained in this position for "more than two to three hours," suffering even more pain. (Am. Compl. ¶ 20.) Plaintiff was handcuffed behind his back by custody staff "in such a way that it caused severe pain in his shoulders." (Am. Compl. ¶ 21.) An x-ray and MRI indicated that Plaintiff's knees and shoulders were "damaged, although Plaintiff has since been reclassified as permanently mobility impaired, however, as a matter of deliberate indifference Plaintiff has been denied of adequate medical treatment for his injuries sustained in violation of Eight and Fourteenth Amendments of the United States Constitution." (Am. Compl. ¶ 22.)

## III.   **Analysis**

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must

examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must

determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id.

at 1132.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

under color of state law and (2) the defendant deprived him of rights secured by the Constitution

or federal law.  Long, 442 F.3d at 1185.  "A person deprives another of a constitutional right,

where that person 'does an affirmative act, participates in another's affirmative acts, or omits to

perform an act which [that person] is legally required to do that causes the deprivation of which

complaint is made."  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v.

Duffy, 588 F.2d 740, 743 9th Cir. 1978)).  "[T]he 'requisite causal connection can be established

not only by some kind of direct, personal participation in the deprivation, but also by setting in

motion a series of acts by others which the actors knows or reasonably should know would cause

others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743.44).

"'[B]are assertions ... amount[ing] to nothing more than a "formulaic recitation of the

elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to

dismiss, [and thus also for screening] are not entitled to an assumption of truth."  Moss v. U.S.

Secret Service ___ F.3d ___, 2009 WL 2052985, *5, (9th Cir. 2009) quoting Ashcroft v. Iqbal,

___ U.S. ___, 126 S.Ct. 1937, 1951 (2009) quoting Twombly, 550 U.S. at 555).  "Such

allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather

because they do nothing more than state a legal conclusion-even if that conclusion is cast in the

form of a factual allegation."  Id.

### A.    Supervisory Defendants

Plaintiff names as Defendants Warden Clark and Acting Facility Captain Wadkins.  In the

August 27, 2010, order dismissing the second amended complaint, Plaintiff was advised that

under section 1983, Plaintiff must prove that the Defendants holding supervisory positions

personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th

3

Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff alleges no facts indicating that either of the supervisory defendants personally participated in the deprivation at issue, or knew of and failed to prevent the deprivation at issue. In the third amended complaint, Plaintiff alleges that Defendant Clark, as Warden, should be considered liable as he is "considered over all head security."  As to Defendant Wadkins, Plaintiff appears to challenge a classification decision by Defendant Wadkins.  Plaintiff fails to allege any facts indicating that either Wadkins or Clark personally participated in, or knew of and failed to prevent, the harm at issue in this lawsuit.  Defendants Clark and Wadkins must therefore be dismissed.

### B.     Defendant Coreno

In the third amended compliant, Plaintiff restates the allegations of the second amended complaint.  Plaintiff alleges that Defendant Coreno, a Correctional Counselor, saw him on April 24th, 2007.  Plaintiff alleges that Defendant Coreno, because of his interview with Plaintiff, "had knowledge or should have had the knowledge of all conditions of plaintiff health as part of procedure.  As shortly thereafter the plaintiff was refer to the facility clinic where CCI Coreno had requested that the plaintiff be removed from all ADA activities."  (Am. Compl. ¶25.) Plaintiff alleges no other conduct as to Defendant Coreno.

Plaintiff may not hold Defendant Coreno liable solely on the ground that he should have known of the constitutional violation at issue.   The second, or subjective component of the test for deliberate indifference that the prison official have a "sufficiently culpable state of mind" is

met where the prison official acts with "deliberate indifference" to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991).  A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, Plaintiff refers to the "conditions of plaintiff's health" that Defendant Coreno should have been aware of, but does not identify that condition.  Further, Plaintiff may not assert the conclusory allegation that Defendant Coreno knew or should have known of the condition. Plaintiff must allege facts indicating that he suffered from a serious medical condition.  Plaintiff must also allege facts to support his conclusion that Defendant Coreno knew of the serious condition and acted with deliberate indifference to it.  A bare allegation that Defendant Coreno was in a position to know of Plaintiff's condition, with nothing more, does not state a claim for relief under the Eighth Amendment.  Defendant Coreno should therefore be dismissed.

**C.     Defendant Zamora**

In the third amended complaint, Plaintiff restates the allegations of the second amended complaint.  Plaintiff alleges that on April 27, 2007, Defendant Correctional Counselor Zamora "had  knowledge as those who set on the committee and did in fact clarify the action of his peers,  which later had the plaintiff to suffer as he was placed on a job unsuitable to Plaintiff's condition.  Plaintiff did in fact address the committee with his disapproval of their actions.  (Am. Compl. ¶ 26.)

As with Defendant Coreno, Plaintiff fails to identify the serious medical condition at issue, or allege any facts  indicating that Defendant Zamora was deliberately indifferent to a serious medical need of Plaintiff's.  Though Plaintiff refers to his exhibits, he must allege, in the amended complaint, facts that support his conclusory allegation that Defendant Zamora was deliberately indifferent to a serious medical need, as that term is defined above.  The Court will

1    not review Plaintiff's exhibits in order to make his amended complaint complete, or to supply

2    missing facts.  Plaintiff must set forth all of his factual allegations in the amended complaint,

3    without reference to exhibits or prior pleadings.  Plaintiff has not alleged facts suggesting that

4    Defendant Zamora was deliberately indifferent to Plaintiff's serious medical needs.  Defendant

5    Zamora should therefore be dismissed.

6          **D.     Defendant Frauenheim**

7          In the second amended complaint, Plaintiff charged no conduct to Defendant Captain

8    Frauenheim other than his participation in an annual classification committee hearing.   Plaintiff

9    alleged that "Captain Frauenheim acting on the committee as chair person whereas all documents

10   concerning the condition of plaintiff was in face [sic] brought to the attention of the chair person

11   as the plaintiff did not address the fact that there had been some lack of medical attention

12   concerning the Plaintiff being housed on that facility."  In the August 27, 2010, order dismissing

13   the second amended complaint, Plaintiff was advised that in order to hold Defendant Frauenheim

14   liable, Plaintiff must allege facts indicating that Defendant Frauenheim knew of a serious

15   medical condition of Plaintiff's and acted with deliberate indifference to that serious medical

16   need.  A bare allegation that Defendant Frauenheim should have known of an unspecified

17   condition based on documents outside the record is insufficient to state a claim for relief.

18         In the third amended complaint, Plaintiff alleges that he "brought to the attention of the

19   chair person as the Plaintiff did address the fact that there had been some lack of medical

20   attention concerning the Plaintiff being housed in that facility.  That action was not addressed

21   Plaintiff was not properly cared for concerning his medical conditions as the action of the person

22   of the chair did nothing to help Plaintiff."  (Am. Compl. ¶ 28.)    The Court finds that Plaintiff

23   has not cured the defect identified in the order dismissing the second amended complaint.

24   Plaintiff alleges, at most, that Defendant Frauenheim knew of a "concern" regarding Plaintiff's

25   medical condition, yet did nothing to help Plaintiff.    As noted above, a prison official acts with

26   deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health

27

28                                            6

or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.   Here, Plaintiff alleges that Defendant Frauenheim, who is not a medical official, knew of a "concern" regarding Plaintiff's medical condition, yet did nothing about it.   There are no facts alleged from which an inference can be drawn that Defendant Frauenheim knew of a serious medical condition.   The Court finds the allegations regarding an unspecified "medical concern" to be vague.   Defendant Frauenheim should therefore be dismissed.

**E.**   **Defendant King**

In the second amended complaint, Plaintiff alleged that Defendant Correctional Counselor King was a part of the classification committee.   Plaintiff alleged that Defendant King stated that "one should take better care of one self before coming to prison."   Plaintiff contended that the statement "displayed that CCII acting King had knowledge of plaintiff medical condition and like others named here did nothing.   As the action of this person would also be in the attached exhibits."   In the order dismissing the second amended complaint, the Court noted that Plaintiff failed to allege facts indicating that Defendant King knew of and disregarded a serious medical condition of Plaintiff's.   The Court found Plaintiff's allegations regarding Defendant King to be conclusory.   Plaintiff was advised that he may not simply allege that, based on Defendant King's statement indicating that he was aware that Plaintiff came to prison with a medical condition, he was deliberately indifferent.   Plaintiff was specifically advised that he must specifically allege facts indicating a serious medical condition and facts indicating that Defendant King was deliberately indifferent to that condition.   Plaintiff's vague references to his medical condition in his second amended complaint did not state a claim for relief.   In the third amended complaint, Plaintiff fails to allege any facts regarding the conduct of Defendant King.   Defendant King should therefore be dismissed.

///

///

1

**F.** <u>**Defendant Wiggins**</u>

2    Plaintiff alleges that three days before his committee hearing, be brought his "medical

3  concern" to the attention of Defendant Counselor Wiggins.  (Am. Compl. ¶ 31.)   Plaintiff alleges

4  that Defendant Wiggins "not only knew the circumstances, and did nothing to address them as

5  there was documents forward to the counselor showing that the plaintiff did in fact have some

6  condition concern his medical; as this was once again forward to the committee as would show

7  also in the exhibits in support these allegations."  <u>Id.</u>    Plaintiff again fails to specify the serious

8  medical condition at issue or how Defendant Wiggins, a correctional counselor, was deliberately

9  indifferent to the condition.   The Court finds Plaintiff's allegation regarding Defendant Wiggins

10  to be vague and conclusory.  Defendant Wiggins should therefore be dismissed.

11

**G.** <u>**Defendant Alvia**</u>

12    Plaintiff alleges that:

13
> [A]s to the Acting CCII S. Alvia also had knowledge fully of all
> these concern with the plaintiff and chose to do nothing to help
> plaintiff.  The counseling staff do have direct say of what a
> program should or shouldn't be even concerning medical issues of
> the inmates.  As the documents attached in the exhibits.  As the
> action of this staff member was aware of the plaintiff disagreement
> of their action.  As this person known the action of the committee
> and chose to do nothing to help plaintiff with medical issues.

14

15

16

17

18  (Am. Compl. ¶ 30.)    Plaintiff charges no conduct to Defendant Alvia that constitutes deliberate

19  indifference as that term is defined above.  The only reference to Defendant Alvia is the

20  conclusory allegation that Defendant Alvia had "full knowledge" of the unspecified concerns.

21  As with the other defendants, Plaintiff must allege facts indicating that Defendant Alvia knew of

22  a serious medical condition of Plaintiff's, and acted with deliberate indifference to that condition.

23  Plaintiff may not refer to documents outside the pleadings in order to make his factual allegations

24  complete.  The Court finds Plaintiff's allegation regarding Alvia to be vague and conclusory.

25  Defendant Alvia should therefore be dismissed.

///

26  ///

27

28                                          8

## H.   Defendant Moreno

Plaintiff alleges that Defendant Counselor Moreno was informed by Plaintiff of the following:

> previous action that had been taken concerning plaintiff medical condition as he addressed that situation with appeal the medical people, which was done prior to being taken to the committee once again where the plaintiff was endorsed for transfer as a reaction of plaintiff complaints of his medical condition.  As CCI Moreno had knowledge of the condition and did nothing to help plaintiff as a assigned counselor.  Therefore the action of Moreno clearly show he had knowledge and did nothing to help Plaintiff.

(Am. Compl. ¶27.)

As with Defendants Zamora and Coreno, Plaintiff fails to identify the serious medical condition at issue, or allege any facts indicating that Moreno was deliberately indifferent to the serious medical need of Plaintiff's.  As noted above, in order to state a claim against Defendant Moreno, Plaintiff must allege facts indicating that: (1) Defendant Moreno was both aware of the facts from which the inference could be drawn that a substantial risk of harm existed and (2) that Defendant Moreno drew the inference.  Here, Plaintiff simply alleges that he informed Moreno of the "previous action that had been taken concerning plaintiff medical condition." Id.  The Court finds this allegation to be vague.  Plaintiff must specifically identify the serious medical condition at issue, and allege facts indicating that Defendant Moreno knew of and disregarded that condition.  Plaintiff has failed to do so here.  Defendant Moreno should therefore be dismissed.

## H.   Defendant Spoere

The only conduct charged to Defendant Correctional Counselor Spoere relates to his participation in a committee hearing  on January 8, 2008.  Plaintiff alleges that Defendant Spoere acted "willfully and acknowledge all action taken concerning the Plaintiff's medical condition and did nothing to help the Plaintiff."  (Am. Compl. ¶ 32.)   As with Defendants Zamora, Coreno and Moreno, the Court finds the allegations to be vague.  Plaintiff has not alleged facts indicating what serious medical condition Defendant Spoere knew about.  Defendant Spoere should

therefore be dismissed.

## I. __Defendant Costell__

Plaintiff alleges that Defendant Costell, the Acting Facility Captain, "was the chair person of the committee that Plaintiff saw more then normal procedures as the fact that Plaintiff have not agreed with any of the committee actions as the named people in this complaint acknowledge Plaintiffs concerns of his medical condition. The action of the chair person knew of Plaintiff's medical needs and did nothing to help Plaintiff." (Am. Compl. ¶ 29.)   As with Defendants Zamora, Coreno, Moreno and Spoere, Plaintiff has not alleged facts indicating what serious medical condition Defendant Costell knew about. Defendant Costell should therefore be dismissed.

## J. __Defendant Rasey__

Plaintiff alleges that on December 15, 2008, Defendant Correctional Officer Rasey was present when an alarm sounded. Plaintiff, a mobility impaired inmate, "was in fact wearing the vest that was assigned to him to be identified as such. As the C/O once was in the medical staff position, and had actual knowledge of Plaintiff's medical condition. As Plaintiff was directed to the ground without the assistance of anyone, which is clearly abuse to Plaintiff medical need." (Am. Compl. ¶ 33.)   The facts alleged charge Defendant Rasey with, at most, being present when the alarm sounded. An allegation that Plaintiff, a mobility impaired inmate, was directed to the ground, does not of itself subject Defendant Rasey to liability.   Plaintiff must allege facts indicating that Defendant Rasey knew of a serious medical condition of Plaintiff's and acted with deliberate indifference to that condition, resulting in injury to Plaintiff. That Plaintiff, in his view, believes that it is "clearly abuse" to direct a mobility impaired inmate to the ground does not subject Defendant Rasey to liability. Further, Plaintiff has not alleged specific facts indicating that Defendant Rasey did anything to Plaintiff, or ordered Plaintiff to do anything. Defendant Rasey should therefore be dismissed.

///

### K.   **Defendant Horentsen**

Plaintiff names Dr. Horentsen as a defendant, but fails to charge Dr. Horentsen with any conduct.  Dr. Horentsen was not named in the second amended complaint.  Dr. Horentsen should therefore be dismissed.

### L.   **Doe Defendants**

Plaintiff names John and Jane Does as defendants.  Plaintiff indicates that "upon discovery of their true names and capacities this complaint will be amended and their true names and capacities will be made therein."  (Am. Compl. ¶ 17.)   "As a general rule, the use of 'John Doe' to identify a defendant is not favored.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  While Plaintiff's use of the "Doe" moniker to sue unidentified prison officials is permissible, Plaintiff's ambiguous use of the fictitious name is improper.  Regardless of whether the identity of a particular prison official is known or not, Plaintiff is still obligated to allege facts that demonstrate a causal link between that unidentified official's actions and an alleged constitutional violation.  Thus, Plaintiff must make individualized allegations about each "Doe" defendant.

Here, Plaintiff fails to make any specific factual allegation as to any "Doe" defendant. Plaintiff has had three opportunities to amend the complaint.  The Court will not grant Plaintiff further leave to amend in order to identify any "Doe" defendants.  Accordingly, the "Doe" defendants should therefore be dismissed.

### IV.   **Conclusion**

The Court has screened plaintiff's third amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983.   The Court finds the third amended complaint to be vague and conclusory.  Plaintiff was advised of the requirement to allege specific facts as to each of the named defendants.  Bare assertions of legal conclusions without factual allegations to support them are insufficient to state a claim for relief.  Iqbal, 129 S.Ct. at 1951.   Plaintiff was provided with the opportunity to file an amended complaint curing

1    the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49

2    (9th Cir. 1987).   Plaintiff has failed to cure the deficiencies identified in the August 27, 2010,

3    order dismissing the second amended complaint.    The Court will therefore recommend that this

4    action be dismissed for Plaintiff's failure to state a claim upon which relief could be granted.

5    Noll, 809 F.2d at 1448 (pro se litigant must be given leave to amend his or her complaint unless

6    it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

7    See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld

8    where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with

9    leave to amend).

10        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure

11   to state a claim upon which relief can be granted.

12        These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

14   thirty days after being served with these findings and recommendations, plaintiff may file written

15   objections with the court.  Such a document should be captioned "Objections to Magistrate

16   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

17   within the specified time waives all objections to the judge's findings of fact.  See Turner v.

18   Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time

19   may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

20   Cir. 1991).

25        IT IS SO ORDERED.

26   **Dated:    October 14, 2010**                    _____ **/s/ Gary S. Austin** _____
                                                UNITED STATES MAGISTRATE JUDGE

28                                        12