# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANNY PROPHET, | 1:07-cv-01785-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| WARDEN CLARK, et al., | (Doc. 36.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. BACKGROUND

Joseph Danny Prophet ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The events at issue allegedly occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, while Plaintiff was incarcerated there. This action now proceeds on Plaintiff's Fourth Amended Complaint filed on December 17, 2010, against defendant Correctional Officer Queen, for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 27.) On May 19, 2011, defendant Queen ("Defendant") filed a motion to dismiss this action for failure to exhaust administrative remedies before filing suit, for failure to comply with the statute of limitations, and based on qualified immunity. (Doc. 36.)

---

[1] On December 17, 2010, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983. (Doc. 26.)

1

1  On July 21, 2011, Plaintiff filed an opposition to the motion.[2]  (Doc. 41.)  Defendant has not filed
2  a reply to the opposition.  Defendant's motion to dismiss is now before the Court.

3  **II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT QUEEN**

4  Plaintiff was a state prisoner incarcerated at SATF at the time of the events at issue, and
5  defendant Queen was a Correctional Officer employed at SATF.  Plaintiff alleges as follows in the
6  Fourth Amended Complaint.[3]  On or about March 6, 2004, there was a riot at SATF, and custody
7  staff ordered all inmates to get down and lie on their stomachs.  Plaintiff is medically disabled and
8  played no part in the riot.  As Plaintiff was getting down, he began to feel severe pain in his knees.
9  Plaintiff's hands were pulled behind his back and handcuffed by Correctional Officer Queen in such
10 a way that it caused severe pain in Plaintiff's shoulders.  On March 9, 2004, Plaintiff was examined
11 by a doctor and explained what had occurred that caused him severe pain in his shoulders and knees.
12 As a result of his injuries, Plaintiff had to have surgery on both his knees and shoulders.  An x-ray
13 revealed that both Plaintiff's knees and shoulders were damaged, and Plaintiff has since been
14 reclassified as permanently mobility impaired.

15 **III.   MOTION TO DISMISS FOR FAILURE TO EXHAUST**

16 **A.    <u>Statutory Exhaustion Requirement</u>**

17 Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall
18 be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
19 a prisoner confined in any jail, prison, or other correctional facility until such administrative
20 remedies as are available are exhausted."  Prisoners are required to exhaust the available
21 administrative remedies prior to filing suit.  <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19
22 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required
23 regardless of the relief sought by the prisoner and regardless of the relief offered by the process,
24 ///

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 11, 2011.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998).  (Doc. 31.)

[3] This summary contains the allegations in the Fourth Amended Complaint against defendant Queen and the claims found cognizable by the Court, upon which this case now proceeds, along with background information.

Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6©. Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

**B.     Defendant's Motion**

Defendant argues that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit. Defendant submits evidence that there is no record at the Inmate Appeals Branch ("IAB") of Plaintiff submitting an administrative appeal, concerning the allegations in this action, between January 1, 2004 and December 30, 2005 which was accepted for Director's level review. (Declaration of D. Foston, Doc. 36-2 at ¶3.)  Plaintiff submitted three

3

appeals during the stated time period which the IAB accepted for Director's Level review, but none of them concerned a complaint of excessive force by Correctional Officer Queen. Id.

| Appeal | Inst. Log No. | Subject | Accepted Date | Director's Decision |
|---|---|---|---|---|
| 0308830 | CMC03-02961 | Case Records | 02/20/04 | Denied 5/4/04 |
| 0405902 | CMC04-02657 | Transfer | 12/06/04 | Denied 2/14/05 |
| 0500810 | CMC05-01498 | Case Records | 07/18/05 | Denied 9/06/05 |

Defendant also provides evidence that between January 1, 2004 and December 30, 2005, Plaintiff submitted one appeal that the IAB screened out on January 16, 2004 for missing documentation. Id. at ¶7.

### C. Plaintiff's Opposition

The Court looks to Plaintiff's opposition filed on July 21, 2011, and Plaintiff's verified complaints.[4] Plaintiff's opposition consists of the following:

> "On June 20, 2011, Plaintiff was order to file an opposition or statement to this court as the defendant is requesting a dismissal in this matter."

> "This statement to the Court regarding the dismissal Plaintiff plea with the Court to dismiss the defendant's motion as this court order was made through plaintiff the finding of the action of the fourth amended complaint. The defendant is not challenging the plaintiff they are actually challenging the Court order as the court should uphold its order in this matter."

(Opp'n, Doc. 41 at 1, 2.)

The Court has thoroughly reviewed each of Plaintiff's five verified complaints and finds no evidence that Plaintiff filed any administrative appeal concerning conduct by Correctional Officer Queen or concerning any excessive force used against him.

### C. Discussion

Plaintiff's complaint against defendant Correctional Officer Queen is based on the allegations that on March 6, 2004, following a riot at SATF, Correctional Officer Queen pulled Plaintiff's hands behind his back and handcuffed him in such a way that it caused severe pain in Plaintiff's shoulders, resulting in the need for surgery. Defendant has presented evidence that Plaintiff failed to complete

---

[4] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed his complaints under penalty of perjury. (Doc. 1 at 3; Doc. 11 at 3; Doc. 14 at 7; Doc. 22 at 8; Doc. 27 at 5.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits. However, Plaintiff's opposition, filed on July 21, 2011, is not verified and therefore does not contain admissible evidence.

4

the appeals process for any appeal submitted to the IAB between January 1, 2004 and December 30, 2005 concerning Plaintiff's claims against Defendant in the present action.  Plaintiff makes no argument and provides no evidence that he exhausted his administrative remedies with regard to the allegations and claims at issue in this action.  Therefore, defendant Queen is entitled to dismissal of this action.

### IV.     MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS, AND BASED ON QUALIFIED IMMUNITY

Defendant Queen also argues that Plaintiff's claims against him should be dismissed for failure to comply with the statute of limitations, and based on qualified immunity.  Based on the Court's finding that Plaintiff did not exhaust the available administrative remedies for his claims against Defendant Queen prior to filing suit, the Court does not reach Defendant's other arguments.  See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

### V.     CONCLUSION AND RECOMMENDATIONS

Defendant Queen has met his burden of demonstrating that Plaintiff failed to exhaust his remedies with regard to Plaintiff's allegations against Defendant Queen prior to filing suit, in compliance with § 1997e(a).  Defendant has shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning his allegations in the complaint against Defendant Queen in this action.  Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement, nor has Plaintiff submitted evidence that he exhausted all of the remedies available to him.  Therefore, the Court HEREBY RECOMMENDS that Defendant Queen's motion to dismiss, filed May 19, 2011, be GRANTED, dismissing this action in its entirety based on Plaintiff's failure to exhaust remedies.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file

1  written objections with the Court and serve a copy on all parties.  Such a document should be
2  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

**Dated:     January 25, 2012                    /s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE